Poltz
v.
Curtis.

### VAN PATTEN *vs.* VOLT.

In a suit commenced by the filing and service of a declaration, the service, to be regular, must be *personal* on the defendant.

THE suit in this case was commenced by the filing and ser- March 27. vice of a declaration, and the service was by leaving the declaration at the house of the defendant. It was now moved to set aside the proceedings, on the ground that such service was irregular, and the motion was sustained : THE COURT holding that the declaration being in the place of process, the service, to be regular, must be *personal* on the defendant.

---

### POLTZ *vs.* CURTIS.

A defendant in *replevin* cannot move for judgment as in case of nonsuit, where the plaintiff notices the cause and neglects to bring it to trial; he may however move for costs for not proceeding to trial pursuant to the notice.

It is only when neither party notices the cause for trial, that the defendant can move for judgment as in case of nonsuit.

THIS is an action of *replevin.* The defendant moved for April 4. *judgment as in case of nonsuit,* for the default of the plaintiff to bring the cause to trial, pursuant to a notice of trial given by the plaintiff. In answer to the motion, it was objected that in this action, both parties being actors, the defendant cannot move for judgment as in case of nonsuit, except in the case specified in the revised statutes, viz. " where neither party shall have noticed the cause for trial." 2 *R. S.* 530, § 46. The objection was sustained by the court; the CHIEF JUSTICE observing that the proper course of the defendant would have been, to have asked for costs against the plaintiff for not proceeding to trial pursuant to notice, but that he was not entitled to judgment as in case of nonsuit. The motion was denied.