`                          Potter & Babcock v. Lewis.`

---

## POTTER & BABCOCK vs. LEWIS.

Where an action of *replevin* is noticed by the plaintiff for trial, but not tried, the defendant may move for the costs of the circuit, but cannot move for judgment as in case of nonsuit.

THIS was a motion for judgment as in case of nonsuit in an action of *replevin*, where the plaintiff noticed the cause for trial and neglected to try it. The defendant also asked for such other rule or order as the court should think fit to grant.

*By the Court.* When an action of replevin is *not noticed* for trial, the defendant may move for judgment as in case of nonsuit. (2 R. S. 530, § 46.) But when it *is noticed* and the plaintiff neglects to bring the cause to trial, the defendant cannot move for judgment as in case of nonsuit, but may move for costs against the plaintiff. (*Poltz* v. *Curtis*, 9 *Wendell*, 497.) (a) The notice here is

(a) The case referred to is very briefly reported under the title of *Poltz* v. *Curtis*. The reporter having long since been furnished with a written opinion in that case by the late Chief Justice Savage, and the practice having still been misapprehended notwithstanding the case in 9 *Wendell*, he presumes the profession will be gratified by the publication of the opinion even at this late day.

### POLTZ vs. CURTIS.

MOTION for judgment as in case of nonsuit in an action of replevin. By 2 R. S. 423, § 81, when an issue of fact shall have been joined in any cause, and the plaintiff shall neglect to bring such issue to trial, according to the course and practice of the court, such court, on the

Potter & Babcock v. Lewis.

[520] broad enough to entitle the defendant to ask for such rule, but as the plaintiff appears to have misapprehended the practice, the defendant is
[521] directed to renew the motion, so as to give the plaintiff an opportunity to answer.

---

application of the defendant, may give the like judgment for the defendant as in cases of non-suit, or may upon just terms allow a further time for the trial of such issue. This is virtually a re-enactment of 1 *R. L.* 521, § 12, which was copied substantially from 14 *Geo.* 2, *ch.* 17. This statute in terms extends *to any issue joined in any action or suit at law in any of his majesty's courts of record at Westminster, &c.,* but it has been held not to extend to actions of replevin, because the defendant in replevin is considered an actor and may carry down the cause for trial himself. (3 *T. R.* 661. 5 *id.* 400. *Barnes,* 317, *contra.*)

Before the statute of *Geo.* 2, the defendant, in personal actions other than replevin, had no such remedy when the plaintiff neglected to bring his cause to trial; his only remedy was after the plaintiff's laches, to obtain a rule for a trial by proviso; and then on notice of trial by himself, carry down the record to *nisi prius,* containing the proviso in the distringas that if two writs come to the sheriff, he shall only execute and return one of them. In replevin no proviso was necessary, though it was usual to insert it. Where the defendant proceeded by proviso, he was required to give notice of trial, and if he failed to try the cause according to his notice, he was liable to pay the plaintiff his costs. And if both plaintiff and defendant noticed the cause for trial, but neglected to bring it to trial, both were entitled to costs from each other. (2 *Str.* 797. 2 *Saund.* 336. *Tidd,* 702. 2 *Archb. Pr.* 217. 1 *Dunlap,* 553.) Archbold says the same practice prevails in replevin ; that as both parties in replevin are deemed actors, consequently when the record is carried down for trial by the defendant, it is not necessary to have the proviso in the distringas, as in cases of trial by proviso. (2 *Salk.* 652.) For the same reason the defendant in replevin cannot have judgment as in case of nonsuit; but if either plaintiff or defendant give notice of trial and afterwards do not proceed to try the cause or countermand their notice in time, the opposite party will be entitled to costs as in ordinary cases. (2 *Archb. Pr.* 71, 2.) The cases referred to are the following : *Jones* v. *Concarman,* (3 *T. R.* 661.) On motion for judgment, as in case of nonsuit in replevin for not going to trial according to the practice of the court, the court said : " In replevin, both parties are actors ; and as the defendant might have carried down the record by proviso, it is an answer to this application." A similar decision was made in *Shortridge* v. *Hiam,* (5 *T. R.* 400,) in which reference is made to *Bently* v. *Scott,* (*Barnes,* 317,) where the motion was granted. In these cases, it must be observed, the motion was made on the ground that the plaintiff had neglected to carry down the record to trial, which is tantamount to omitting in our practice to give notice of trial ; not for neglecting to try the cause after giving notice of trial ; for had notice been given, and a neglect to try, the party in default must have paid costs before the statute of *Geo.* 2 ; though, before that statute, judgment as in case of nonsuit against the plaintiff could not have been obtained.

The English practice, then, is this : if the plaintiff neglect to notice his cause for trial in any personal action, the defendant may move for judgment as in case of nonsuit, except that the defendant in replevin shall not, because he might have noticed the cause himself ; but if the plaintiff notice his cause for trial, and neglect to try it, he is liable to have a motion for costs made against him in replevin as well as in any other personal action. The only case reported in this court is *Barrett* v. *Forrester,* (1 *Johns. Cas.* 247.) *Coleman's Cases,* 92, in which the defendant in replevin moved for judgment, as in case of nonsuit against the plaintiff, for having omitted to bring his cause to trial ; which motion was denied, the court saying that both parties are actors, and either party may carry down the cause for trial, and no judgment as in case of nonsuit is ever given. It does not appear that any notice of trial had been given, and I should infer from the language of the court that none was given.

This view of the practice renders the Revised Statutes consistent and proper. The section referred to, (2 *R. S.* 423, § 81,) gave the defendant no remedy when the plaintiff neglected to notice the cause for trial, because he, the defendant, might have noticed and tried it himself. The other section referred to, (2 *R. S.* 530, § 46,) is as follows: "After issue joined in any action of replevin, either party may give notice of trial. When neither party shall have noticed the cause for trial, the defendant may move for judgment as in case of nonsuit, in the same manner and with the like effect as in personal actions." The latter part of this section, I apprehend, was intended to give the defendant the remedy which had been denied in the case of *Barrett* v. *Forrester.*

The present motion is not founded upon the Revised Statutes ; it is for not proceeding to trial pursuant to notice, for which, according to the view I have taken of the practice, the plaintiff was always liable to pay costs, though the cases in *Term Reports* have rendered the practice obscure.