## SCHROEDER a. KOHLENBACK.

*New York Common Pleas ; General Term, January,* 1858.

TRIAL.—DEFAULT OF PLAINTIFF.—DISMISSAL OF COMPLAINT.

If the plaintiff in an action of claim and delivery, in which issue has been joined, neglects to bring the cause on for trial, the proper course for the defendant is to notice the cause himself and bring it on.

An order that the complaint be dismissed, unless the plaintiff bring the cause to trial within a specified time, is improper in such a case.

Appeal from an order at special term directing that the complaint be dismissed, unless the plaintiff bring the cause on for trial at the next trial term.

This was an action of claim and delivery. Issue was joined, and the cause was noticed for trial by the plaintiff's attorneys for June term, 1857, and the cause placed upon the calendar. It was regularly called in its order, and was passed and marked down, for the reason that the plaintiff was not ready to try it. The defendant appeared at the time, and was in readiness to try the cause.

On an affidavit of these facts, defendant procured an order that the complaint be dismissed, with costs, unless the plaintiff

bring the cause to trial at the next trial term, and pay the costs of the motion.

From this order plaintiff now appealed.

*D. T. Walden*, for appellant.—I. The motion of defendant, as stated in his notice, is for dismissal of the complaint, "for the reason that the plaintiff has not brought the cause to trial according to the rules and practice of the court." It is not, in terms, for "*unreasonable neglect to proceed in the action.*" It is in the language of the rule 21, as it existed in 1852, &c. The rule of 1852, &c. (21), *established* the practice under the Code, which, prior to that time, was known as a motion for judgment, as in case of nonsuit; and all the cases founded the practice on the rule. (McCarthy *v.* Hancock, 1 *C. R.*, N. S., 21 ; Bishop *v.* Morgan, *Ib.*, 340 ; Holmes *v.* Slocum, 6 *How. Pr. R.*, 218 ; Thompson *v.* Kreder, 8 *Ib.*, 248 ; Roy *v.* Thompson, *Ib.*, 253 ; Hawley *v.* Seymour, *Ib.*, 96 ; Fuller *v.* Sweet, 9 *Ib.*, 74.)

II. Section 274 of the Code alone would not authorize the practice. That section applies only to a case where the defendant has no other means of forcing the plaintiff to proceed, and was to enable him to force the plaintiff to proceed in the action. By section 258, the defendant could bring the cause to trial. If he fail to notice it, and take advantage of this rule, he is in default : he is negligent, and should not be entitled to favor. He could not, under the former practice, have judgment, as in case of nonsuit, for that reason ; and could not have had it since the Code, were it not for rule 21, as it existed in 1852.

III. Rule 21 being the foundation of the practice,—on its repeal in 1854 the practice was at an end ; and the disability in consequence of defendant's failure, to notice and move the cause at the trial must be a complete answer to his attempt to charge plaintiff with neglect : *both* are *negligent*, if *either ;* and query, is not the rule applicable, that if both are negligent, neither shall have a remedy against the other ? There is not a reported case, since the repeal of rule 21, in which the motion has been granted.

IV. If this motion is under the Code, the defendant does not make out a case of unreasonable neglect. He does not state it in his affidavit ; and the mere fact that plaintiff did not bring the case to trial, cannot be called "*unreasonable neglect.*"

By THE COURT.—DALY, J.—The Code having authorized either party to notice the cause for trial, there was no occasion for the 23d rule of the Supreme Court Rules of 1849, which authorized the defendant to move for a dismissal of the complaint where the plaintiff failed to bring the cause to trial, and it was accordingly left out in the revision of the rules in 1854. The defendant may now notice the cause for trial, and either bring it to trial, or have the complaint dismissed; and if he fails to do so, he is as much in neglect as the plaintiff. In the former action of replevin, the defendant was, as he is now, an actor; and in that action it was well settled that the defendant could not move for judgment as in case of nonsuit, for the neglect of the plaintiff to bring the cause to trial, pursuant to his notice. (Poltz *v.* Curtis, 9 *Wend.*, 497.) Section 274 authorized a motion to dismiss the complaint; but that applies only to cases where there is no other mode to compel the plaintiff to proceed. I think, therefore, that the motion at the special term was improperly granted, and that the order should be reversed.

Order appealed from reversed.